**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| LAMOTTA MCMAHAN et al., | ) | |
| | ) | Case No. 1:24-cv-96 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| OLIN CORPORATION, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

---

# MEMORANDUM OPINION

---

Before the Court are motions to dismiss filed by Defendants Bilfinger Industrial Services, Inc. ("Bilfinger") (Doc. 245) and Custom Mechanical Contractors, Inc. ("Custom Mechanical") (Doc. 249). For the following reasons, the Court will **DENY** Bilfinger's motion to dismiss (Doc. 245) and will **DENY** Custom Mechanical's motion to dismiss (Doc. 249).

## I. BACKGROUND

As the Court has previously summarized in ruling on motions to dismiss claims in Plaintiffs' third amended complaint:

> Defendant Olin Corporation ("Olin") owns and operates a chemical facility in Bradley County, Tennessee ("the Facility"). (Doc. 111, at 35–36.) The Facility surrounds a separate plant ("the Sister Facility"), which processes the products produced by the Facility. (*Id.* at 75.) Olin owned the Sister Facility until 1999. (*Id.*) From 1962 to 2012, the Facility produced a variety of chemicals with a "mercury-cell process," which uses mercury and electrolysis to produce chlorine (among other chemicals). (*Id.* at 19, 36, 39, 46.) The amounts of mercury were significant; for example, in 2010, the Facility used over 550 tons of mercury. (*Id.* at 49.)
>
> Olin and the Defendants who operated the Sister Facility "employed several contractors to provide work in and around the [Facility] and/or the [Sister Facility]." (*Id.* at 42.) These are the Contractor Defendants. (*See id.* at 42–44.)
>
> . . .

> There are over 400 Plaintiffs asserting claims against at least one Defendant in this matter. Plaintiffs fall into one of four groups: (1) employees of Olin at the Facility (hereinafter "Facility Workers"), (2) contractor workers at the Facility and/or the Sister Facility (hereinafter "Contractor Workers"), (3) employees of the operators of the Sister Facility (hereinafter "Sister Facility Workers"), and (4) family members of workers at both facilities (hereinafter "Family Members"). (*See id.* at 22–32.) Plaintiffs generally allege that Defendants' operating procedures exposed them or their relatives to mercury that caused serious illness. (*See generally* Doc. 111.)

(Doc. 175, at 1–3.)

On December 23, 2025, the Court entered a memorandum opinion finding, among other things, that Plaintiffs' operative complaint failed to state claims for negligence and fraud against Contractor Defendants Bilfinger and Custom Mechanical, primarily because the operative complaint did not include sufficient allegations describing the type of work Bilfinger and Custom Mechanical performed at the Facility and Sister Facility, when they performed it, or how their work affected Facility Workers and Sister Facility Workers. (*See generally* Doc. 175.) The Court also found that the operative complaint failed to include allegations sufficient to plausibly suggest that Bilfinger and Custom Mechanical had a duty to disclose withheld information and sufficient allegations regarding the time, place, and content of any misrepresentations made to Facility Workers, Sister Facility Workers, and Family Members. (*See id.*) Based on these findings, the Court dismissed Plaintiffs' claims against Bilfinger and Custom Mechanical without prejudice. (*See id.* at 23–24.)

On February 5, 2026, Plaintiffs moved for leave to file a fourth amended complaint (Doc. 184), which Bilfinger and Custom Mechanical opposed, arguing that the proposed amendment was futile as to Plaintiffs' negligence and fraudulent-concealment claims against them. (Docs. 207, 212.) The Court granted Plaintiffs' motion to amend in part and denied it in part. (Doc. 222.) As it relates to Bilfinger and Custom Mechanical, the Court found that Plaintiffs' proposed fourth amended complaint stated negligence claims against them but found that Plaintiffs'

fraudulent-concealment claims would not survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

After the Court ruled on their motion to amend, Plaintiffs filed their fourth amended complaint. (Doc. 223.) Plaintiffs' fourth amended complaint asserts the following claims against Bilfinger: (1) a negligence claim on behalf of "Direct Workers of Olin" against "Contractor Defendants who performed work at the Facility"; (2) a negligence claim on behalf of "Sister Facility Workers" against "Contractor Defendants who worked at the Sister Facility"; (3) a negligence claim on behalf of Contractor Workers against Contractor Defendants "who performed work at the Facility, except that Plaintiff Contractor Workers are not suing their former employer for any time while an employee of said Contractor Defendant"; and (4) a negligence claim on behalf of family members against Contractor Defendants who performed work at the Facility or the Sister Facility. (*Id.* at 291–307.) As it relates to Custom Mechanical, the fourth amended complaint asserts the following claims: (1) a negligence claim on behalf of the Direct Workers of Olin; (2) a negligence claim on behalf of the Sister Facility Workers; (3) a negligence claim on behalf of the Contractor Workers against their non-employers; and (4) a negligence claim on behalf of Family Members. (*Id.*)

Bilfinger and Custom Mechanical have moved to dismiss these claims (Docs. 245, 249), and their motions are ripe for the Court's review.

## II. STANDARD OF LAW

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id.* at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of truth, however, does not extend to legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

In their motions to dismiss, Bilfinger and Custom Mechanical argue that the Court should dismiss the negligence claims against them because Plaintiffs' fourth amended complaint does not include allegations plausibly suggesting that they owed a legal duty of care or that their actions proximately caused Plaintiffs' purported injuries. Bilfinger and Custom Mechanical also argue that Plaintiffs' fourth amended complaint contains impermissible group pleading.

### A. Affidavits Attached to Plaintiffs' Fourth Amended Complaint

As an initial matter, Bilfinger and Custom Mechanical argue that the Court should strike and exclude from consideration the affidavits Plaintiffs attached to their fourth amended complaint, as well as the paragraphs in the fourth amended complaint that reproduce averments made in the attached affidavits. (Doc. 246, at 5–10; Doc. 250, at 16–21.) Although courts have rejected using attachments to pleadings under Rule 10(c) as evidentiary material to add substantive allegations to a complaint, the Sixth Circuit has also held that a district court did not err in considering "plaintiffs' own affidavits attached to a complaint because 'they did nothing more than verify the complaint' and 'added nothing new, but, in effect, reiterated the contents of the complaint itself.'" *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see also Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001) (reversing a district court's dismissal of plaintiff's race discrimination complaint after the court refused to consider allegations in a plaintiff's EEOC charge attached as an exhibit to the complaint, explaining that "there is no question that the EEOC charge . . . is central to [plaintiff's] discrimination claim" and that the allegations contained therein should have been considered.)

In this case, the averments in Plaintiffs' affidavits are included in the fourth amended complaint, and, as a result, the affidavits do nothing more than verify the allegations in the complaint. The affidavits contain Plaintiffs' own allegations of wrongdoing and simply reaffirm the allegations contained in the body of the fourth amended complaint. Accordingly, the Court will deny Bilfinger and Custom Mechanical's motions to the extent they request that the Court strike the affidavits attached to the fourth amended complaint and the corresponding allegations contained in the body of the fourth amended complaint. Consistent with *Iqbal*, however, the Court will not consider legal conclusions couched as factual allegations, whether provided in an affidavit or in the fourth amended complaint, in determining whether Plaintiffs have stated negligence claims against Bilfinger or Custom Mechanical.

**B. Negligence**

Bilfinger and Custom Mechanical next argue that the Court should dismiss the negligence claims against them because the fourth amended complaint fails to plausibly allege that they had a duty to protect individuals they shared no relationship with or that their conduct proximately caused injuries to these individuals. (Doc. 246, at 10–21; Doc. 250, at 7–15.) The Court considered similar arguments when Bilfinger and Custom Mechanical opposed Plaintiffs' motion for leave to file a fourth amended complaint. As the Court previously summarized,

> [i]n their proposed fourth amended complaint, Plaintiffs allege that Bilfinger employees: (1) performed maintenance and construction at the Facility and Sister Facility, which included "hydro-blasting, Mercury Recovery, D&D, pipe removal, and Cell Maintenance" (Doc. 191, at 79–80, 85, 87, 89–91, 93), (2) used equipment exposed to areas high in mercury without changing or cleaning such equipment (*id*. at 39, 57–61, 80, 82–83, 92–93), and (3) performed work around mercury that exposed other workers (*id*. at 86–91, 93–94).

(Doc. 222, at 10–11.) As it relates to Custom Mechanical, the Court noted that Plaintiffs' fourth amended complaint includes the following allegations: "Plaintiffs allege that Custom Mechanical employees: (1) performed "mechanical work, pipe removal, pipe fabrication, pipe

installation, and Mercury Recovery" (*id*. at 109–12, 120), and (2) performed work in mercury-contaminated areas that exposed other workers (*id*. at 110–12)." (*Id*. at 11.)

Based on these allegations, among others, the Court determined that Plaintiffs' proposed fourth amended complaint was not futile and that it stated negligence claims against Bilfinger and Custom Mechanical because Plaintiffs plausibly alleged that Bilfinger and Customer Mechanical owed Facility Workers, Sister Facility Workers, Family Members, and non-employee Contractor Workers a duty of care. Specifically, the Court reasoned that the fourth amended complaint included allegations that Bilfinger and Custom Mechanical engaged in affirmative acts at the Facility and Sister Facility that created a risk of mercury exposure (*See, e.g.*, Doc. 191, at 86–88, 96–97, 101–03, 110–12 (describing activities that created a mercury-exposure risk)). As a result, the Court concluded that Plaintiffs' fourth amended complaint contained sufficient factual allegations to plausibly infer that Bilfinger and Custom Mechanical owed Facility Workers, Sister Facility Workers, Family Members, and non-employee Contractor Workers a duty of care. (Doc. 222, at 12.) The Court further reasoned that, assuming the truth of Plaintiffs' allegations, Bilfinger and Custom Mechanical "could have reasonably foreseen that the alleged inadequacies of their work at the Facility and Sister Facility would pose an unreasonable risk of harm to Facility Workers, Sister Facility Workers, Family Members, and non-employee Contractor Workers." (*Id*. at 12–13.) Although Bilfinger and Custom Mechanical's motions to dismiss again try to recast Plaintiffs negligence claims as based on a theory of nonfeasance, thereby requiring different allegations to support a duty of care, the Court already considered and rejected those arguments. And nothing in their motions to dismiss alters the Court's analysis as it relates to its conclusion that Plaintiffs have plausibly alleged that Bilfinger and Custom

Mechanical owed Facility Workers, Sister Facility Workers, Family Members, and non-employee Contractor Workers a duty of care.

Similarly, in ruling on Plaintiffs' motion for leave to file a fourth amended complaint, the Court analyzed whether the proposed amended complaint plausibly alleged that Bilfinger and Custom Mechanical's actions proximately caused Plaintiffs' alleged injuries. As the Court previously explained:

> Plaintiffs describe the activities of [Bilfinger and Custom Mechanical] that allegedly created a risk of mercury exposure (*see, e.g.*, Doc. 191, at 86–88, 96–97, 101–03, 110–12), how such activities could have resulted in mercury exposure (*id*. at 156–59), and the harms of mercury exposure (*id*. at 159–82). Taking these allegations as true, they follow a logical path and plausibly establish that the [Bilfinger and Custom Mechanical's] alleged activities could have foreseeably caused Plaintiffs' alleged mercury-related injuries. Whether the [Bilfinger and Custom Mechanical] actually knew that the alleged activities of their employees could have caused Plaintiffs' injuries is irrelevant to the objective standard of foreseeability at issue. *See Hale*, 166 S.W.3d at 719 (considering whether "the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence" and whether the plaintiff's injury was "of the type to be expected" from the defendant's conduct) (emphasis added)). Plaintiffs' allegations plausibly establish that the [Bilfinger and Custom Mechanical's] actions were a proximate cause of their injuries.

(Doc. 222, at 16–17.) The Court previously considered Bilfinger and Custom Mechanical's arguments regarding Plaintiffs' proximate causation allegations and determined that the allegations in the fourth amended complaint were sufficient to plausibly allege that their actions proximately caused Plaintiffs' injuries. Bilfinger and Custom Mechanical's motions to dismiss do nothing to alter this conclusion. Accordingly, the Court will deny Bilfinger and Custom Mechanical's motions to dismiss Plaintiffs' negligence claims against them.

### C. Group Pleading

Finally, Bilfinger and Custom Mechanical argue that the fourth amended complaint includes impermissible "group pleading," another argument they advanced in opposing

Plaintiffs' motion for leave to file a fourth amended complaint. (Doc. 246, at 22–23; Doc. 250, at 15–16.) As the Court previously explained in granting Plaintiffs' leave to amend:

> Plaintiffs' specific allegations as to [Bilfinger and Custom Mechanical] undermine Bilfinger's arguments concerning group pleading (Doc. 207, at 23–25) . . . Plaintiffs provide clear notice to each Contractor Defendant as to the claims alleged even if certain portions of the proposed complaint rely on group pleading, as Plaintiffs' factual allegations that pertain to a specific Defendant "set forth facts with sufficient specificity to state a claim for relief" when read in conjunction with the portions of complaint that rely on group pleading. *See Nissan N. Am., Inc. v. Cont'l Auto. Sys.*, Inc., No. 3:19-CV-00396, 2019 WL 4820477, at *4 (M.D. Tenn. Oct. 1, 2019) (citation modified). Requiring more is unnecessary and would run contrary to Rule 8's requirement for a "short and plain statement" of the case in this very complex matter. As the Court stated before, it "will not dismiss Plaintiffs' claims simply because they relied on group pleading in certain portions of the complaint," but it will "dismiss claims that lack sufficient factual allegations to plausibly state a claim for relief." (Doc. 175, at 8.)

(Doc. 222, at 12. N.8) Nothing in Bilfinger or Custom Mechanical's motions to dismiss alters the Court's conclusion as to whether the fourth amended complaint contains impermissible group pleading, and, as a result, the Court will deny their motions based on such arguments.

## IV. CONCLUSION

For the reasons stated herein, the Bilfinger's motion to dismiss (Doc. 245) is **DENIED**, and Custom Mechanical's motion to dismiss (Doc. 249) is **DENIED**.[1]

[1] In its motion to dismiss, Custom Mechanical argues that, even though the Court did not allow Plaintiffs to reassert misrepresentation-by-concealment claims, the fourth amended complaint still alleges that it breached duties owed to Plaintiffs through misrepresentations and concealment to unknowingly expose themselves to the hazards of mercury. Based on these allegations, Custom Mechanical, argues that, "to the extent the negligence allegations in the [f]ourth [a]mended [c]omplaint attempt to make a claim regarding fraudulent misrepresentation and/or misrepresentation by concealment against [Custom Mechanical] such allegations should be stricken and/or the claims dismissed. (Doc. 250, at 21–22.) In responding to Custom Mechanical's motion, Plaintiffs confirmed that they have not included a fraudulent-misrepresentation or a misrepresentation-by-concealment claim in their fourth amended complaint but included such allegations because they are still relevant to their negligence claims and the duty of care owed to Plaintiffs. (Doc. 252, at 15–16.) Based on these representations by Plaintiffs, the Court need not strike such allegations from Plaintiffs' fourth amended complaint.

**SO ORDERED.**

*/s/ Travis R. McDonough*

**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**